FILED _____ ENTERED
_____ LODGED _____ RECEIVED

JUN 06 2003   PM

AT SEATTLE
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

CV 03-1252 #1

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| THEODORE C. SWARTZ,<br><br>Plaintiff,<br><br>KPMG, LLP, PRESIDIO GROWTH, LLC, PRESIDIO ADVISORY SERVICES, INC., HAYES STREET MANAGEMENT, INC., NORWOOD HOLDINGS, INC, DEUTSCHE BANK AG, DEUTSCHE BANK SECURITIES, INC., SIDLEY AUSTIN BROWN & WOOD, LLP, DALE R BAUMANN, JOHN M LARSON, ROBERT A PFAFF, DAVID AMIR MAKOV, STEVEN BUSS, and R J RUBLE, and their respective marital communities, if any<br><br>Defendants | Case No **C 03-1252**<br><br>COMPLAINT FOR<br>(1) VIOLATION OF RICO, 18 U.S C 1962 *et seq.*,<br>(2) VIOLATION OF WASHINGTON CONSUMER PROTECTION/UNFAIR BUSINESS PRACTICES ACT, RCW 18 86 *et seq* ,<br>(3) FRAUD,<br>(4) BREACH OF CONTRACT;<br>(5) PROFESSIONAL NEGLIGENCE,<br>(6) BREACH OF FIDUCIARY DUTY,<br>(7) CONSPIRACY |

Plaintiff Theodore C. Swartz alleges as follows

## JURISDICTION AND VENUE

1    This is an action for damages arising in part out of defendants' violations of

Sections 1962(c) and 1962(d) of the Racketeer Influenced and Corrupt Organizations Act

of 1970 (18 U S.C 1961 *et* seq ) (RICO), fraud, conspiracy, negligence, breach of

Complaint- 1

BADGLEY ~ MULLINS<br>LAW GROUP<br>5100 Washington Mutual Tower<br>1201 Third Avenue<br>Seattle Washington 98101<br>Telephone (206) 621 6566<br>Fax (206) 621 9686

No Summons issued, x 8504415

contract, and violation of Washington Consumer Protection/Unfair Business Practices Act, RCW 19 86 *et seq.*

2    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C § 1331 because the RICO claim raises a question of federal law; and pursuant to 28 U.S.C. § 1367 because the remaining state law claims are so related to the RICO claim that they form part of the same case or controversy

3    Venue is proper in this District pursuant to 28 U S C § 1965(a) because the defendants are all found, reside and/or transact affairs in this District, pursuant to 18 U.S.C § 1965(b) because the ends of justice require that the parties residing in any other district be brought before this Court; pursuant to 28 U S C § 1291(b) because a substantial part of the events or omissions giving rise to this action occurred in this District; and/or pursuant to 28 U S.C. § 1391(b) because one or more of the defendants is found in and is subject to personal jurisdiction in this District

## PARTIES

4    Plaintiff Theodore Swartz ("Swartz") is a United States citizen who resides in Seattle, King County, Washington 98101

5.   Defendant KPMG is an international accounting and consulting firm known as one of the "Big Four" accounting firms in the United States   KPMG is organized in Delaware and maintains its headquarters in New York   KPMG does business on a routine basis in, and may be found in, the U S. Western District of Washington and is subject to the general jurisdiction of this Court   KPMG acted as promoter of the fraudulent transaction (known as a "BLIPS" transaction) that forms the basis for the claims alleged herein

Complaint- 2

BADGLEY ~ MULLINS
LAW GROUP
5100 Washington Mutual Tower
1201 Third Avenue
Seattle Washington 98101
Telephone (206) 621 6566
Fax (206) 621 9686

6. On information and belief, Defendant Dale R Baumann ("Baumann") is a partner of KPMG, in its Mountain View, California office, and is a federally authorized tax practitioner On information and belief, defendant Baumann is a citizen of California and is a certified public accountant licensed by the State of California Baumann acted as a promoter of the BLIPS transaction and in so doing Baumann directed communication into the U S Western District of Washington and otherwise conducted business therein sufficient to establish minimum contacts within the forum that support the exercise of jurisdiction over his person by this Court Collectively, Baumann and KPMG are referred to herein as the "KPMG Defendants "

7 Defendant Presidio Growth, LLC ("Presidio Growth") is a Delaware limited liability company formed on July 16, 1999 The address of Presidio Growth is 333 Hayes St, Ste. 200, San Francisco, CA 94102. Presidio Growth is a registered investment advisor under the Registered Investment Advisors Act of 1940. On information and belief, its Principals are John Larson, Robert Pfaff and D Amir Makov. Ownership in Presidio Growth is held by Hayes Street Management Services, Inc (70% ownership) and by Norwood Holdings, Inc (30% ownership). Presidio Growth and its members acted as promoters of the BLIPS transaction and in so doing Presidio Growth and its members directed communication into the U S. Western District of Washington and otherwise conducted business therein sufficient to establish minimum contacts within the forum that support the exercise of jurisdiction over their persons by this Court

8. Defendant Presidio Advisory Services, Inc. ("Presidio Advisory Services") is a Manager of Presidio Growth LLC Presidio Advisory Services' president is Steven Buss and

**BADGLEY ~ MULLINS**
Law Group
5100 Washington Mutual Tower
1201 Third Avenue
Seattle Washington 98101
Telephone (206) 621 6566
Fax (206) 621 9686

1  its managing directors are John Larson, D. Amir Makov, Robert Pfaff  Presidio Advisory

2  Services and its members acted as promoters of the BLIPS transaction and in so doing

3  Presidio Advisory Services and its members directed communication into the U.S. Western

4  District of Washington and otherwise conducted business therein sufficient to establish

5  minimum contacts within the forum that support the exercise of jurisdiction over their persons

6  by this Court

7
8       9    On information and belief, at all relevant times defendant John M  Larson

9  ("Larson") was President and Managing Director of Presidio Growth, President and Managing

10 Director of Presidio Advisory Services, and Managing Director of Presidio Advisors.  Prior to

11 his association with these entities, from January 1985 to September 1997, Larson had been

12 employed by KPMG  On information and belief, John Larson is a federally authorized tax

13 practitioner and a Certified Public Accountant  John Larson acted as a promoter of the BLIPS

14 transaction and in so doing Larson directed communication into the U S  Western District of

15
16 Washington and otherwise conducted business therein sufficient to establish minimum

17 contacts within the forum that support the exercise of jurisdiction over his person by this

18 Court

19      10. On information and belief, at all relevant times defendant Robert A. Pfaff ("Pfaff")

20 was Treasurer and Managing Director of Presidio Growth, Treasurer and Managing Director

21 of Presidio Advisory Services, and was Managing Director of Presidio Advisors LLC  Prior

22
23 to his association with these entities, from March 1977 to September 1997, Pfaff was

24 employed by KPMG  On information and belief, Robert Pfaff is a federally authorized tax

25 practitioner and a Certified Public Accountant  Robert Pfaff acted as a promoter of the BLIPS

26

Complaint- 4

BADGLEY ~ MULLINS
LAW GROUP
5100 Washington Mutual Tower
1201 Third Avenue
Seattle  Washington 98101
Telephone  (206) 621 6566
Fax  (206) 621 9686

1  transaction and in so doing Pfaff directed communication into the U S Western District of

2  Washington and otherwise conducted business therein sufficient to establish minimum

3  contacts within the forum that support the exercise of jurisdiction over his person by this

4  Court

5  11. On information and belief, at all relevant times defendant David Amir Makov

6  ("Makov") was Secretary and Managing Director of Presidio Growth LLC and Secretary and

7  Managing Director of Presidio Advisory Services, Inc   David Amir Makov acted as a

8

9  promoter of the BLIPS transaction and in so doing Makov directed communication into the

10 U.S. Western District of Washington and otherwise conducted business therein sufficient to

11 establish minimum contacts within the forum that support the exercise of jurisdiction over his

12 person by this Court

13 12 Hayes Street Management, Inc is a Member of Presidio Growth LLC, owning a

14 70% interest in Presidio Growth, LLC.

15 13 Norwood Holdings, Inc is a Member of Presidio Growth LLC, owning a 30%

16

17 interest in Presidio Growth, LLC

18 14. On information and belief, Defendant Steven Buss at all relevant times was the

19 Managing Director of Presidio Advisory Services   On November 30, 1999, Steven Buss and

20 another person entered into a "Power of Attorney" or "Trading Authorization Limited to

21 Purchases and Sales of Securities and Sales of Securities and Investment of Monies"

22 agreement with Swartz

23

24

25

26

Complaint- 5

BADGLEY ~ MULLINS
LAW GROUP
5100 Washington Mutual Tower
1201 Third Avenue
Seattle Washington 98101
Telephone (206) 621 6566
Fax (206) 621 9686

15. Collectively, Presidio Growth, Presidio Advisory Services, Larson, Pfaff, Makov, Buss, Hayes Street Management, Inc , and Norwood Holdings, Inc are referred to herein as the "Presidio Defendants "

16. Defendant Deutsche Bank AG is a corporation organized under the laws of the Federal Republic of Germany   On in formation and belief, defendant Deutsche Bank Securities, Inc. is a subsidiary of Deutsche Bank AG organized under the laws of the United States and one or more states   Deutsche Bank's principal place of business is in Germany, however, it has branches all over the world including New York and the Cayman Islands

17. Defendants Deutsche Bank AG/Cayman Islands Branch and Deutsche Bank Securities/New York Branch provided Swartz with a line of credit of $33 3 million and a premium in the amount of $20 million for a total of $53 million on September 30, 1999. On October 12, 1999, Deutsche Bank AG and Deutsche Bank Securities approved the assignment of the credit agreement to Longs Strategic Investment Fund, LLC   Deutsche Bank AG and Deutsche Bank Securities, Inc acted as promoters of the BLIPS transaction and in so doing they directed communication into the U S  Western District of Washington and otherwise conducted business therein sufficient to establish minimum contacts within the forum that support the exercise of jurisdiction over their persons by this Court  Collectively, defendants Deutsche Bank and Deutsche Bank Securities are referred to herein as the "Deutsche Bank Defendants "

18. On information and belief, Defendant Sidley Austin Brown & Wood LLP  is one of the nation's largest law firms, with over 1,400 attorneys and offices in New York, New York, Los Angeles and San Francisco, California, Chicago, Illinois, Dallas, Texas,

Complaint- 6

BADGLEY ~ MULLINS
LAW GROUP
5100 Washington Mutual Tower
1201 Third Avenue
Seattle  Washington 98101
Telephone  (206) 621 6566
Fax  (206) 621 9686

1  Washington, D.C , and London, England.  On information and belief, Sidley Austin Brown &
2  Wood is a limited liability partnership organized in Delaware and is the successor in interest
3  to Brown & Wood, the law firm that advised Swartz, and thus it is referred to herein as
4  "Brown & Wood "  Brown & Wood at all relevant times directed communication into the
5  U S. Western District of Washington and otherwise conducted business therein sufficient to
6  establish minimum contacts within the forum that support the exercise of jurisdiction over its
7  persons by this Court
8
9       19  On information and belief, Defendant R  J  Ruble ("Ruble") is an attorney licensed
10 to practice law in the State of New York, a partner in Sidley Austin Brown & Wood's New
11 York office, is a member of Sidley Austin Brown & Wood LLP's Executive Committee, and
12 is a citizen of New York  Ruble directed communication into the U.S. Western District of
13 Washington and otherwise conducted business therein sufficient to establish minimum
14 contacts within the forum that support the exercise of jurisdiction over its persons by this
15 Court  Collectively, Brown & Wood and Ruble are referred to herein as the "Brown & Wood
16 Defendants "
17
18      20  On information and belief, the defendants engaged in a large number of BLIPS
19 transactions and similarly fraudulent transactions and, in doing so, acted in concert according
20 to a prearranged and commonly understood and accepted plan or scheme.  In so doing, the
21 defendants were acting mutually and as the agents of one another.
22
                          **SUMMARY OF FACTS AND CLAIMS**
23
24      21  In 1999, Swartz realized substantial capital gains of about $18 million from the
25 sale of his business on which he fully expected to pay federal taxes  Swartz took no
26
Complaint- 7

BADGLEY ~ MULLINS
LAW GROUP
5100 Washington Mutual Tower
1201 Third Avenue
Seattle  Washington  98101
Telephone  (206) 621 6566
Fax  (206) 621 9686

1  affirmative steps to find ways to shelter these extraordinary capital gains from taxation

2  KPMG used its prior knowledge of Swartz' finances and approached Swartz, telling him that

3  KPMG had on its shelf a strategy to reduce or eliminate his taxes  This advice by KPMG and

4  some of the other Defendants has proved disastrous for Swartz, who paid millions of dollars

5  to its professional advisers only to receive erroneous and incompetent advice that has exposed

6  Swartz to audits by the IRS and substantial tax liability, including interest and penalties, and

7

8  prevented Swartz from availing himself of legitimate tax savings opportunities.

9        22. KPMG lured Swartz into the scheme (a) promising him that he would not have to

10  pay capital gains tax on the over $18-million profit he had realized as a result of the sale of his

11  business and (b) promising him that he would procure, through pre-arrangement, an "opinion

12  letter" attesting to the legitimacy of BLIPS from Brown & Wood  Swartz paid these

13  Defendants hundreds of thousands of dollars, and on information and belief, these Defendants

14  reaped millions of dollars in fees from other clients Defendants enticed into the scheme,

15  which they knew or should have known to be an illegitimate tax sham

16

17        23  The objective of a BLIPS transaction is to "create" a paper capital loss to offset a

18  real capital gain according to the following process that is prearranged by KPMG  First,

19  KPMG arranges a foreign bank line of credit for its customers who enter into the BLIPS

20  transaction  The line of credit consists of (i) a secured portion and (ii) a premium which

21  enables the borrower to borrow additional amounts which are unsecured but subject to the

22  banks strict collateral and pledge requirements  This line of credit is contributed or assigned

23

24  to a new Limited Liability Company. After the credit facility is assigned to the new LLC, the

25  new LLC is then dissolved and a prearranged number of securities are distributed with a tax

26

Complaint- 8

BADGLEY ~ MULLINS
LAW GROUP
5100 Washington Mutual Tower
1201 Third Avenue
Seattle Washington 98101
Telephone (206) 621 6566
Fax (206) 621 9686

1  opinion that alleges that the securities have a basis equal to any capital contributed to the new

2  LLC and the premium.  As will be explained below, a short term capital loss is triggered by

3  selling the shares  By varying the amount of the line of credit and the timing of the

4  dissolution of the new LLC, the promoters claimed to be able to vary the timing and the

5  amount of the capital loss.

6       24  While the defendants were promoting and implementing the BLIPS transaction,

7  the Internal Revenue Service ("IRS") announced in Notice 99-59, 1992-2 C B. 761, 999 IRB

8  
9  LEXIS 424, 1999-52 I R.B  761, (December 27, 1999) that "losses" resulting from BLIPS

10  transactions would not be allowed

11       25. Defendants either knew or should have known from the outset that their BLIPS tax

12  shelter would not pass muster with the IRS

13       26  On information and belief, after an investigation by the IRS into other tax

14  improprieties by KPMG, the IRS began to investigate BLIPS and similarly fraudulent tax

15  shelter schemes  The IRS issued administrative summonses to KPMG, who informed the

16  
17  approximately 25 clients it had lured into the scheme of its receipt of those summonses. The

18  scope and breath of defendants' fraudulent schemes, which include Defendants' fraud upon

19  Swartz, is indicated in United States v  KPMG LLP, Docket No  2003-358, Misc. No. 02-

20  0295 (D D C. Dec  20, 2002); see Magistrate Judge Kay's Memorandum of Opinion of

21  September 30, 2002

22  
23       As part of an Internal Revenue Service ("IRS") examination of KPMG's
        promotion of and participation in transactions that the IRS contends are tax
        shelters, the IRS served a total of twenty-five administrative summonses on
24       KPMG seeking information and materials relevant to the investigation  On
        January 28, 2002, the IRS issued a summons requesting information relating
25       to two types of transactions, known as the Foreign Leveraged Investment
        Program ("FLIP") and the Offshore Portfolio Investment Strategy ("OPIS")

26                                            **BADGLEY ~ MULLINS**
                                                     LAW GROUP
     Complaint- 9                          5100 Washington Mutual Tower
                                                  1201 Third Avenue
                                             Seattle  Washington 98101
                                             Telephone  (206) 621 6566
                                                Fax  (206) 621 9686

1   This summons is referred to as the "FLIP/OPIS Summons." *See Petition to Enforce Internal Revenue Service Summons ("Pet To Enf ") at 2-3*  On

2   March 19, 2002, the IRS issued six additional summonses to KPMG.  These summonses are also referred to by the transactions to which they are

3   directed, as the "BLIPS/TRACT/IDV Summons," the "401(k) ACCEL Summons," the "§ 6111(c) Summons," the "§ 6111(d) Summons," the

4   "Foreign Transactions Summons," and the "MIDCO Summons."  *Id* at 4-6 On May 3, 2002, the IRS issued two more summonses to KPMG the "Tax

5   Treaty Summons" and the "FOCUS Summons."  *Id  At 6-7*

6   27. KPMG, one of the world's largest accounting and financial consulting firms,

7   gained Swartz' trust by acting as his tax advisor  KPMG exploited their knowledge and their

8   position as a trusted fiduciary by making an aggressive sales pitch to Swartz, advising him

9   that he could greatly reduce or eliminate the income tax liability that would otherwise result

10  from the sale of his business

11  28. As stated in more detail below, KPMG, in a scheme with Brown & Wood and the

12  other defendants, abused their position of trust by collecting millions of dollars of fees for

13
    putting into effect the BLIPS transaction that all of the Defendants knew or should have
14
15  known was a sham  Nevertheless, both KPMG and Brown & Wood provided Swartz with

16  lengthy and detailed opinion letters (the "Opinion Letters") confirming the "'propriety" of the

17  BLIPS scheme, in exchange for a large fee.  The Opinion Letters were issued after, and

18  fraudulently misrepresented the effect of,  Notice 99-59, 1992-2 C B  761, 999 IRB LEXIS

19  424; 1999-52 I.R B  761, (December 27, 1999) in which the Internal Revenue Service and
20
    Treasury Department announced that they had become aware of certain types of transactions
21
22  that were being marketed to taxpayers for the purposes of generating tax losses  In issuing the

23  notices, the IRS sought to alert taxpayers and their representatives that the purported losses

24  arising from such transactions would not be allowable for federal income tax purposes

25

26

BADGLEY ~ MULLINS
LAW GROUP
5100 Washington Mutual Tower
1201 Third Avenue
Seattle  Washington  98101
Telephone  (206) 621 6566
Fax  (206) 621 9686

1   29. On September 5, 2000, the Internal Revenue Service issued Notice 2000-44 which

2   specifically described the "BLIPS/TRACT/IDV" transaction and stated that the promoters

3   might be guilty of a criminal offense under Sections 7201, 7203, 7206, or 7212(a) of the

4   Internal Revenue Code or other provisions of federal law    Specifically, with respect to such

5   liability, the Notice stated

6
7
8           In addition, the Service and the Treasury have learned that certain persons
            who have promoted participation in transactions described in this notice have
            encouraged individual taxpayers to participate in such transactions in a
            manner designed to avoid the reporting of large capital gains from unrelated
            transactions on their individual income tax returns (Form 1040)   Certain
9           promoters have recommended that taxpayers participate in these transactions
            .  the Service and the Treasury understand that these promoters have advised
10          that the capital gains and losses from these transactions may be netted, so that
            only a small net capital gain or loss is reported on the taxpayer's individual
11          income tax return  In addition to other penalties, any person who willfully
            conceals the amount of capital gains and losses in this manner, or who
12          willfully counsels or advises such concealment, may be guilty of a criminal
            offense under §§ 7201, 7203, 7206, or 7212(a) or other provisions of federal
13          law

14
15  **DETAILS OF SWARTZ' TRANSACTION AND DEFENDANTS' MISCONDUCT**

16          **KPMG Learned of Swartz' Potential Tax Liability**

17      30  Swartz was a founder and executive of TCS Expeditions, Inc , which was in the

18  business of operating educational travel programs   In 1999, Swartz sold his shares in his

19  company to Operating Educational Travel Programs, Inc., which acquired all of the

20  outstanding shares in his company  Swartz faced a possible capital gain of over $18 million on

21  his stock sale which would have been reported as such on his 1999 federal income tax return.

22  Although Swartz has been successful as a businessman, he is unsophisticated in tax matters

23  and has always relied upon professional representation in determining his tax obligations

24

25

26                                      BADGLEY ~ MULLINS
                                              Law Group
        Complaint- 11                   5100 Washington Mutual Tower
                                              1201 Third Avenue
                                         Seattle Washington 98101
                                         Telephone (206) 621 6566
                                            Fax (206) 621 9686

31. In 1999, Swartz maintained a personal banking relationship with Commerce Bank of Washington ("Commerce Bank")  The proceeds of Swartz' stock sale were deposited in his account with Commerce Bank. Swartz had a brokerage account with Merrill Lynch.  Swartz' Merrill Lynch account representative was aware of the sale of Swartz' company and of the potential large capital gain that Swartz might have to recognize on his federal income tax return

32  The Merrill Lynch  account representative referred Swartz to a former Merrill Lynch employee, then a KPMG employee, for tax planning and related professional services  KPMG first contacted Swartz in August 1999  Swartz dealt most extensively with Mr  Dale Baumann, a Partner in KPMG's Mountain View, California office

**KPMG Defendants Marketed BLIPS To Swartz**

33  The fraud perpetrated against Mr  Swartz by Defendants was a part of Defendants broader conspiracy to defraud individuals and the United States government through the promotion, sale, and implementation of illegal tax shelter schemes  Shortly after the sale of his business on July 12, 1999, Swartz was approached by Dale Baumann of KPMG, who informed him that KPMG had developed a strategy through which Swartz could legally shield from tax liability his substantial capital gain in 1999 resulting from the sale of the business  Baumann informed Swartz that KPMG, together with Brown & Wood, had developed a strategy for a "select audience" of individuals who had sold large businesses or otherwise incurred large capital gains  According to Baumann, these individuals could take advantage of a legal "loophole" in the tax law to shield all or most of their capital gains from taxation  This strategy as described below was referred to by KPMG as the BLIPS transaction.

Complaint- 12

BADGLEY ~ MULLINS
Law Group
5100 Washington Mutual Tower
1201 Third Avenue
Seattle  Washington 98101
Telephone  (206) 621 6566
Fax  (206) 621 9686

1   34. Before revealing any aspect of the BLIPS strategy to Swartz, KPMG and Baumann

2   required Swartz to sign a nondisclosure agreement forbidding Swartz from disclosing the

3   strategy to any person

4   35. On August 3, 1999, Swartz signed written engagement letters and nondisclosure

5   agreements provided to him by KPMG and retained KPMG as his accountants and tax

6   advisers with respect to the BLIPS transactions  Subsequently, KPMG and Baumann were

7   engaged to provide Swartz tax advice and accounting services

8

9   36. On August 3, 1999, the KPMG Defendants informed Swartz that by forming a

10  partnership to engage in a foreign currency options transaction, it was possible to "create" a

11  large capital loss for tax purposes that would largely or entirely offset the capital gain realized

12  as a result of the sale of Swartz' business in 1999, but that would result in either a far smaller

13  loss in real terms, or possibly even a small profit

14  37. The essential features of the BLIPS transaction, as explained by the KPMG

15  Defendants, were as follows

16

17  (a) First, the gist of BLIPS is to "create" a paper capital loss to offset a real capital

18  gain by contributing a line of credit to a newly formed limited liability company.  In this

19  case, Swartz contributed (1) capital of $1,400,000 (2) a $53 million line of credit consisting

20  of (i) a $33,300,000 line of credit secured by a $33,300,000 note and (ii) a $20,000,000

21  unsecured premium that was provided by Deutsche Bank AG and Deutsche Bank Securities,

22  Inc  and subsequently assigned to an entity created solely for this purpose known as Longs

23  Strategic Investment Fund, LLC

24

25

26

Complaint- 13

BADGLEY ~ MULLINS
LAW GROUP
5100 Washington Mutual Tower
1201 Third Avenue
Seattle  Washington 98101
Telephone  (206) 621 6566
Fax  (206) 621 9686

1    (b) After the credit facility is assigned to the new LLC, the new LLC is dissolved

2  when the taxpayer intends to utilize his tax losses, and securities are distributed with a tax

3  opinion which alleges that the securities have a basis equal to the capital contribution

4  ($1,400,000), plus the loan premium ($20,000,000), minus the fair market value of any

5  property distributed (in this case cash of $98,369, i e , $348,733 less the $250,000 fee paid to

6  KPMG along with 364 shares of Microsoft Corporation having a fair market value of

7  $39,897), plus/minus any income or loss from the investment fund (in this case Longs

8
   Strategic Investment earned interest income of $86,463 and purportedly lost $431,125)   In
9
10  Swartz' case, the KPMG tax opinion and Brown & Wood tax opinion fraudulently alleged

11  that the 425 shares of Microsoft stock had a basis of $20,956,969 or $49,311 per share   In

12  applying this formula to Swartz' case, the sale of 364 shares of Microsoft stock would trigger

13  a purported 1999 capital loss of $17,906,873

14
     (c)  By varying the amount of the line of credit and the timing of the dissolution
15
16  of the new LLC, the promoters were able to vary the timing and the amount of the capital

17  loss   (In this case the $17,906,873 purported capital loss was generated within 60 days )  In

18  order to create the appearance of a legitimate business purpose, the BLIPS transaction was

19  marketed as a hedging strategy in foreign currency futures   In this case two trades were

20  reported by Presidio Advisory Services, LLC   The first trade was a Hong Kong Dollar short

21  sale   The second was an Argentine Peso short sale

22
     38  Each of these steps proposed to Swartz by the KPMG Defendants, acting pursuant
23
24  to an arrangement with Brown & Wood and Ruble, were to be fully planned in advance as a

25

26

BADGLEY ~ MULLINS
LAW GROUP
5100 Washington Mutual Tower
1201 Third Avenue
Seattle Washington 98101
Telephone  (206) 621 6566
Fax  (206) 621 9686

1   single transaction designed to reduce or eliminate tax liability for his substantial capital gains
2   in 1999

3       39. The KPMG Defendants, acting pursuant to an arrangement with Brown & Wood
4   and Ruble, advised Swartz that because the basis of his securities distributed upon withdraw
5   of Longs Strategic Investment Fund, LLC would exceed $18,000,000, upon the sale of the
6   securities, Swartz would realize a large capital loss that could be applied to substantially
7   reduce or eliminate the large capital gains realized by Swartz in 1999 as a result of the sale of
8   his business, and thus substantially reduce or eliminate Swartz' tax liability for these capital
9
10  gains.  The KPMG Defendants, acting pursuant to an arrangement with Brown & Wood and
11  Ruble, further advised Swartz that the precise amount of capital loss that was to be generated
12  by the BLIPS transaction could be chosen beforehand, and advised him not to choose a loss so
13  large that it would offset the capital gains entirely

14      40  The KPMG Defendants further advised Swartz that the IRS might audit his tax
15  return as a result of the BLIPS transaction, but that Brown & Wood and Ruble would provide
16
17  him with an "opinion letter" that would confirm to the IRS' satisfaction the propriety of the
18  BLIPS transaction and of Swartz claiming the resulting capital losses on his tax return. On
19  information and belief, Brown & Wood and Ruble had already prepared "canned" opinion
20  letters approving the BLIPS transactions and needed only to fill in several blanks for each of
21  the many clients for whom they rendered such "opinion letters."

22      41  The KPMG Defendants informed Swartz that the total fee for bringing about the
23  BLIPS transaction and providing him with the Brown & Wood opinion letter would be
24  $250,000
25

26

BADGLEY ~ MULLINS
Law Group
5100 Washington Mutual Tower
1201 Third Avenue
Seattle  Washington 98101
Telephone  (206) 621 6566
Fax  (206) 621 9686

42  The KPMG Defendants also informed Swartz that depending on the exchange rate between the U S. dollar and the foreign currencies involved in the currency trading, Swartz could realize a pre-tax gain or loss as a result of trading in foreign currencies  However, the KPMG Defendants assured Swartz that the tax benefits to him of the BLIPS transaction as a whole, resulting from the creation of capital losses to offset existing capital gains, far outweighed any losses that could be incurred as a result of the currency transactions

43  The KPMG Defendants advised Swartz that the capital losses created by the BLIPS transaction were legitimate and in accordance with all applicable tax laws, rules and regulations. In particular, the KPMG Defendants advised Swartz that the BLIPS transaction was not a "sham transaction" that would be ignored or disallowed for tax purposes and that the opinion letter of  Brown & Wood would confirm this

44. The KPMG Defendants, acting pursuant to an arrangement with the Brown & Wood Defendants advised Swartz that the BLIPS transaction would require over 60 days to complete and had to be completed by the end of calendar year 1999 in order to have its desired effect

45  The KPMG Defendants refused to allow Swartz to retain copies of any of the materials reviewed by him, purportedly for confidentiality reasons.

### Swartz Took Defendants' Advice And Engaged In The BLIPS Transaction

46  Based on and in reasonable reliance on his relationship of trust and confidence with the KPMG Defendants, their advice, and on the promised formal opinion letter of Brown & Wood confirming the propriety of the BLIPS strategy, and based on the representations of

BADGLEY ~ MULLINS
LAW GROUP
5100 Washington Mutual Tower
1201 Third Avenue
Seattle  Washington 98101
Telephone  (206) 621 6566
Fax  (206) 621 9686

1   Baumann, Swartz decided to engage in the BLIPS transaction  KPMG and the other

2   Defendants orchestrated the entire BLIPS transaction for Swartz.

3        47  On September 30, 1999, based on and in reasonable reliance on the direction of the

4   KPMG Defendants, the promised formal opinion letter of Brown & Wood confirming the

5   propriety of the BLIPS strategy, and the representations of Baumann, Swartz through Presidio

6   Advisory Services, Presidio Growth, Deutsche Bank and Deutsche Bank Securities entered

7   into a Credit Agreement for $33 3 million which required an additional premium of $20

8   million.

9

10       48. On October 12, 1999, at the direction of the defendants, Swartz assigned a Letter

11  of Credit issued by Deutsche Bank in the amount of $33.3 million to Longs Strategic

12  Investment Fund, LLC

13       49  On November 29, 1999, based on and in reasonable reliance on the direction of the

14  KPMG Defendants, the promised formal opinion letter of Brown & Wood confirming the

15  propriety of the BLIPS strategy, and the representations of Baumann, Swartz requested the

16  withdrawal of his capital account balance of Longs Strategic Investment Fund, LLC   On

17  November 30, 1999, Steven Buss, the Managing Director of Presidio Growth, LLC and

18  Presidio Advisory Services, Inc  elected to dissolve Longs Strategic Investment Fund, LLC

19  effective December 13, 1999, and to terminate the Deutsche Bank Line of Credit

20

21       50. As a result of the above transactions Swartz paid a fee to KPMG of $250,000; a

22  management fee to Presidio of $550,000, and fees to Deutsche Bank which included $678,460

23  in interest, $49,312 representing a bank custody fee plus a $117,334 breakage fee and a

24  $16,539 guaranteed payment fee.  In addition, Swartz incurred a loss of $187,790 on two

25

26

Complaint- 17

BADGLEY ~ MULLINS
LAW GROUP
5100 Washington Mutual Tower
1201 Third Avenue
Seattle Washington 98101
Telephone (206) 621 6566
Fax (206) 621 9686

1   currency transactions, one involving Argentine Pesos and the second involving Hong Kong

2   Dollars

3       51  On information and belief, Deutsche Bank Inc and Deutsche Bank Securities, Inc

4   had completed many transactions with KPMG and Presidio Growth LLC and Presidio

5   Advisors, LLC and knew that they would be able to charge excessive fees for the BLIPS

6   transaction because they knew that the primary purpose of the BLIPS transaction was the

7
    generation of tax losses.  On information and belief, this transaction was different from a
8
    transaction in the ordinary course of business for Deutsche Bank and Deutsche Bank
9
10  Securities as evidenced by the fact that (i) Deutsche Bank had no prior relationship with

11  Swartz, (ii) Deutsche Bank extended a $53 million line of credit to Swartz (or an entity owned

12  by him), (iii) the Deutsche Bank executives entered into the credit agreement without ever

13  meeting Swartz, (iv) and  within a few weeks of entering into the line of credit agreement,

14
    Deutsche Bank approved the assignment of the $53 million line of credit to Longs Strategic
15
    Investment Fund, which was managed by Presidio Growth, LLC, which was indirectly owned
16
17  90% by Swartz, again without having ever met with Swartz

18      52  Dale Baumann of KPMG implemented all transactions with Deutsche Bank and

19  Presidio Advisory Services, LLC and Presidio Growth LLC

20      53  On or about December 13, 1999, the Deutsche Bank Line of Credit was liquidated

21  at and in reasonable reliance on the instructions of the KPMG Defendants, the promised

22
    formal opinion letter of Brown & Wood confirming the propriety of the BLIPS strategy, and
23
24  the representations of Baumann As a distribution in liquidation of Longs Strategic Investment

25

26                                          **BADGLEY ~ MULLINS**
                                            LAW GROUP
        Complaint- 18                       5100 Washington Mutual Tower
                                            1201 Third Avenue
                                            Seattle Washington 98101
                                            Telephone (206) 621 6566
                                            Fax  (206) 621 9686

1  Fund, LLC, Swartz received cash of $98,733 and 425 shares of Microsoft Corporation stock
2  with a value of $39,897 after payment of all the fees associated with the BLIPS transaction.

3  **Defendants' Further Advice And Opinion Letters To Swartz**

4  54. The KPMG and Brown & Wood Defendants each issued an Opinion Letter dated
5  December 31, 1999, that confirmed to Swartz that as a result of the above-described series of
6  steps taken by Swartz between September 30 and December 13, 1999, Swartz could properly
7  claim capital losses on his individual tax return for 1999 in the total amount $18,237,999
8
9  55. In the Brown & Wood opinion letter, Brown & Wood and defendant Ruble
10  advised Swartz, among other things   (1) that Swartz had made a capital contribution of
11  $54,700,000 which includes a $33,300,000 line of credit secured by a note of $33,300,000 to
12  Deutsche Bank, a loan premium of $20,000,000 from Deutsche Bank which is unsecured by a
13  note, and a capital contribution of $1,400,000, (2) that the $20,000,000 loan premium would
14  not constitute a liability to the Investor or the Partnership for purposes of Code §754, when
15  the line of credit has not been utilized; (3) upon liquidation of Swartz' partnership interest,
16  Swartz would have an adjusted basis of $21,400,000 [$20,000,000 line of credit, plus
17
18  $1,400,000 capital contribution] plus or minus it's applicable share of partnership income or
19  loss in its partnership interest, reduced by actual cash received of $348,733 and a residual
20  amount allocated to the 425 shares of Microsoft Corporation received which were valued at
21  $39,879, (4) "[t]he step transaction and sham transaction doctrines should not apply to the
22  transactions described herein," (5) and the various steps of the BLIPS transaction described
23  above was "meaningful and imbued with non-tax considerations."  The substance of these and
24  the remaining opinions contained in the Brown & Wood opinion letter was to assure Swartz
25

26
BADGLEY ~ MULLINS
LAW GROUP
5100 Washington Mutual Tower
1201 Third Avenue
Seattle  Washington  98101
Telephone  (206) 621 6566
Fax  (206) 621 9686

1  that he was legally entitled to a capital loss of $18,227,999 after the liquidation of Longs

2  Strategic Investment Fund, LLC which could be used to offset approximately $18,000,000 in

3  capital gain generated from the sale of Swartz' business  Additionally, Brown & Wood and

4  Ruble included in their opinion letter the finding that "the Transaction would not constitute a

5  tax shelter within the meaning of [Internal Revenue] Code Section 6111(c)(1) and, therefore,

6  would not be required to be registered under Code Section 6111(a) "

7
8        56  In reasonable reliance on the tax advice, legal advice and professional services

9  rendered by the defendants, Swartz signed and filed his 1999 federal income tax return

10       57  Brown & Wood and Ruble knew or should have known at the time they issued

11  their opinion letter that the BLIPS transaction did constitute a tax shelter within the meaning

12  of Code Section 6111(c)(1), and that they, along with the KPMG  Defendants, were therefore

13  illegally promoting an unregistered tax shelter by marketing the BLIPS transaction to their

14  clients.  Nevertheless, the defendants failed to inform Swartz of the illegality of the BLIPS tax

15  shelter scheme and, in fact, advised him to the contrary

16

17       58. The KPMG Defendants knew or should have known when they advised Swartz to

18  enter into the BLIPS transactions and when they prepared Swartz' 1999 federal income tax

19  return that the BLIPS transactions did constitute a tax shelter within the meaning of Code

20  Section 6111(c)(1) and that they, along with Brown & Wood and Ruble, were therefore

21  illegally promoting an unregistered tax shelter by marketing the BLIPS transactions to their

22  clients  The defendants failed to inform Swartz of this and, in fact, advised him to the

23  contrary.

24

25

26

BADGLEY ~ MULLINS
LAW GROUP
5100 Washington Mutual Tower
1201 Third Avenue
Seattle  Washington 98101
Telephone  (206) 621 6566
Fax  (206) 621 9686

59  The KPMG opinion letter and the Brown & Wood opinion letter fraudulently

ignored the intent of IRS Notice 1999-59, published on December 27, 1999, entitled "Tax

Avoidance Using Distributions of Encumbered Property " In that notice, the IRS stated

> [T]he Internal Revenue Service and Treasury Department have become aware of certain types of transactions, as described below, that are being marketed to taxpayers for the purpose of generating tax losses. This notice is being issued to alert taxpayers and their representatives that the purported losses arising from such transactions are not properly allowable for federal income tax purposes

> Through a contrived series of steps, taxpayers claim tax losses for capital outlays that they have in fact recovered  Such artificial losses are not allowable for federal income tax purposes

60. As a result of IRS Notice 1999-59 and otherwise, KPMG and the Brown & Wood

Defendants knew or should have known at the time they issued their opinions letters to Swartz

that the purported losses arising from the BLIPS transaction were not properly allowable for

federal income tax purposes, but failed to inform Swartz of this and indeed informed him to

the contrary.

61. The KPMG Defendants, before soliciting Swartz, before providing advice and

direction to him in carrying out the BLIPS transactions, and otherwise before preparing

Swartz' 1999 tax return, knew or should have known, that the purported losses arising from

the BLIPS transaction were not properly allowable for federal income tax purposes, but failed

to inform Swartz of this and indeed informed him to the contrary

62. On September 5, 2000, the IRS published Notice 2000-44, entitled "Tax

Avoidance Using Artificially High Basis " That Notice addressed "similar transactions [to

those described in Notice 1999-59] that purport to generate tax losses for taxpayers " Notice

2000-44 specified the precise transaction marketed by the Defendants to Swartz as the BLIPS

**BADGLEY ~ MULLINS**
Law Group
5100 Washington Mutual Tower
1201 Third Avenue
Seattle  Washington 98101
Telephone  (206) 621 6566
Fax  (206) 621 9686

Complaint- 21

transaction, under which the taxpayer purchases call options and simultaneously writes offsetting call options, transfers the option positions to a partnership, and ultimately claims that the basis in his partnership interest "is increased by the cost of the purchase call options but is not reduced under [Internal Revenue Code] § 752 as a result of the partnership's assumption of the taxpayer's obligation " The IRS again stated that "[t]he purported losses from these transactions (and from any similar arrangements designed to produce noneconomic tax losses by artificially overstating basis in partnership interests) are not allowable as deductions for federal income tax purposes "

63. The Defendants knew or should have known, as a result of IRS Notice 2000-44 or otherwise, that the purported losses arising from the BLIPS transaction were not properly allowable for federal income tax purposes, but failed to inform Swartz of this  Defendants failed to retract or modify in any way their advice or the opinions expressed in their opinion letters to Swartz, advice and the prepared tax return, which all had the effect of confirming the propriety of claiming as an increase in basis the cost of the long options on Swartz' 1999 income tax return

### Swartz' Discovery Of Defendants' Fraudulent Scheme

64  Although KPMG served as Swartz' accountants in recommending and implementing his participation in the BLIPS scheme, Swartz relied upon Moss Adams LLP, ("Moss Adams") a Seattle accounting firm, to prepare his tax return

65  On August 25, 2000, Moss Adams sent a letter to Swartz questioning the validity and legitimacy of  the tax opinions provided to Swartz by KPMG and Brown & Wood  Moss Adams advised Swartz that it had requested the assistance of defendant Dale Baumann to

Complaint- 22

**BADGLEY ~ MULLINS**
Law Group
5100 Washington Mutual Tower
1201 Third Avenue
Seattle  Washington 98101
Telephone  (206) 621 6566
Fax  (206) 621 9686

1  determine the scope of the disclosures necessary to limit Swartz' exposure to the accuracy-

2  related penalty of Section 6662   Moss Adams stated that its accountants had reviewed Notice

3  2000-44, dated August 11, 2000, and believed it directly addressed Swartz' BLIPS

4  transaction.  Moss Adams went on to state that it had advised KPMG of its understanding that

5  the Internal Revenue Service considered "purported" losses resulting from such transactions

6  not to represent *bona fide* losses and that they therefore were not allowable as deductions for

7
   federal income tax purposes.  In response to Moss Adams serious reservations as to the
8
   validity of the BLIPS transaction, defendant Baumann indicated that if Moss Adams were
9
10 uncomfortable with the limited disclosure he had recommended, that KPMG would be pleased

11 to prepare the tax return.  Moss Adams stated that, given the publication of Notice 2000-44,

12 Moss Adams would not be able to prepare Swartz' 1999 Individual Tax Return unless the

13 return included the filing of a comprehensive disclosure statement (Form 8275 or 8275-R)

14
   with respect to the transaction at issue.  Moss Adams advised Swartz that it could not gain the
15
   level of comfort it deemed necessary to ensure that Swartz would be protected from the
16
17 accuracy-related penalty of Section 6662 given the filing position proposed by KPMG

18      66. On October 10, 2000, Shannon Liston of KPMG send an e-mail to Michael Hall of

19 Moss Adams advising him (i) not to worry about making changes to the white paper

20 disclosure, (ii) that KPMG would take care of any changes to existing disclosures and adding

21 new disclosures, (iii) requesting that Moss Adams delete Longs Strategic Investment Fund,

22 LLC short-term capital loss of $914,815 reported on Statement 14 of the 1999 Federal Tax

23
   Return, (iv) and directing Moss Adams to add a short-term capital loss from Swartz'
24
25 disposition of Microsoft stock

26
   Complaint- 23

BADGLEY ~ MULLINS
LAW GROUP
5100 Washington Mutual Tower
1201 Third Avenue
Seattle Washington 98101
Telephone (206) 621 6566
Fax (206) 621 9686

1      67  On October 10, 2000, Michael G  Hall of Moss Adams sent a letter to Shannon

2  Liston of KPMG, stating that Moss Adams had resigned from its engagement to prepare

3  Swartz' 1999 U S  Individual Income Tax Return, stating as its reason that it did not agree

4  with the changes KPMG had requested be made to Swartz' tax return.

5                 **KPMG Notifies Swartz of Problems with BLIPS Transaction**

6      68  On October 4, 2000, after all of the elements of the BLIPS transaction had

7  
8  occurred, the KPMG Defendants wrote to Swartz and for the first time advised him that the

9  tax benefits that they had promised him from the BLIPS transaction might be disallowed by

10  the IRS  By letter dated October 6, 2000, Swartz immediately proposed that KPMG agree to

11  rescind their September 3, 1999, agreement and that KPMG refund the amount of his

12  investment in the BLIPS investment vehicles  The KPMG defendants refused Swartz'

13  proposal

14      69  On February 21, 2002, defendant Baumann mailed Swartz a letter stating that

15  
16  KPMG was under examination with respect to its obligation to register and maintain lists on

17  tax shelters and that KPMG expected the IRS to require KPMG to furnish a list of clients that

18  participated in transactions that the government might consider substantially similar to the

19  transactions described in Notice 2000-44, 2000-2 C B  255 (*i e*, BLIPS and similar

20  transactions)  The letter also stated that the Internal Revenue Service had recently announced

21  its willingness to waive potential accuracy-related penalties for certain disclosed items, and

22  
23  that KPMG recommended that Swartz take advantage of any opportunity afforded to him by

24  this initiative  The letter advised Swartz to make a prompt disclosure in accordance with the

25  IRS announcement

26  

Complaint- 24

**BADGLEY ~ MULLINS**
LAW GROUP
5100 Washington Mutual Tower
1201 Third Avenue
Seattle  Washington  98101
Telephone  (206) 621 6566
Fax  (206) 621 9686

70  Brown & Wood sent a similar letter to Swartz on March 5, 2002, wherein the law firm advised Swartz that he should consider disclosing to the IRS that he had participated in the BLIPS transaction and that KPMG had filed a return on his behalf reflecting the effect of the transaction

### The Conspiracy And Partnership Among The Defendants

71. On information and belief, the KPMG Defendants, Brown & Wood and Ruble, entered into an agreement, association and union associated in fact to devise and promote the BLIPS transactions, for the purpose of receiving and splitting millions of dollars in fees ("the Defendants' arrangement")  The receipt of those fees was the sole motive in the development and execution of the scheme  Further, the amount of fees earned by the aforementioned Defendants was not tied to or reflective of the amount of time and effort they expended in providing legal, tax or accounting services, but rather was tied to the amount of the capital losses each client would claim on his or her tax returns and the amount of the tax the clients would avoid. Indeed, the aforementioned Defendants devised the scheme and agreed to provide a veneer of legitimacy to each others' opinions as to the lawfulness and tax consequences of the plan by agreeing to issue allegedly "independent" opinions, before potential clients were solicited  The aforementioned Defendants then proposed the transactions to Swartz, as well as other clients, and solicited their use of the BLIPS transactions, rather than simply respond to requests for tax guidance and advice from existing clients. Accordingly, the receipt of fees and the pecuniary gain from those fees was the sole motive for those Defendants' conduct, the provision of professional services to clients was merely an incidental by-product of, not a motivating factor for, Defendants' conduct alleged

Complaint- 25

**BADGLEY ~ MULLINS**
LAW GROUP
5100 Washington Mutual Tower
1201 Third Avenue
Seattle  Washington  98101
Telephone  (206) 621 6566
Fax  (206) 621 9686

1   herein. Further, the Defendants' arrangement gave each of the participating Defendants a
2   significant pecuniary interest in the advice and professional services they would render,
3   allowed the KPMG Defendants to direct and regulate the professional judgment of the Brown
4   & Wood Defendants, and impaired the exercise of that judgment and the duty of care, loyalty
5   and honesty each of the aforementioned Defendants owed to Swartz and their other clients

6       72. The KPMG Defendants had a financial, business and property interest in inducing
7   Swartz, as well as other clients, to enter into the BLIPS transactions, and to do so, promised,
8   opined and assured that the transactions would enable Swartz and others to avoid taxes. The
9   KPMG Defendants never disclosed to Swartz that their representation of him and their
10  objectivity, integrity and professional care would be materially impaired by their own interests
11  in the transactions in violation of Sections 53, 54 and 55 of the American Institute of Certified
12  Public Accountants ("AICPA") Code of Professional Conduct.
13

14      73. The Presidio Defendants and the Deutsche Bank defendants were active
15  participants in the conspiracy with the KPMG Defendants and the Brown & Wood
16  Defendants   All of these defendants knew that the series of BLIPS transactions were
17  predetermined steps to generate sham losses for the purpose of obtaining tax benefits   The
18  defendants conducted these transactions numerous times in a pattern of fraud and deception
19

20                          **DAMAGES SUFFERED BY SWARTZ**

21      74  As a direct and proximate result of the wrongful conduct of the defendants, Swartz
22  incurred out-of-pocket losses of approximately $2 million   In addition, Swartz will incur
23  penalties and interest on his unpaid taxes, will incur additional professional fees to mitigate
24

25

26

Complaint- 26

BADGLEY ~ MULLINS
LAW GROUP
5100 Washington Mutual Tower
1201 Third Avenue
Seattle  Washington  98101
Telephone  (206) 621 6566
Fax  (206) 621 9686

1   the damages caused by the defendants, and has foregone the opportunity to minimize his taxes

2   for 1999 through legitimate tax planning alternatives

3   75. All of the above factual recitations are realleged and incorporated in the paragraphs

4   below as if fully set forth therein.

5                                       **COUNT 1**
                          **Violation of RICO, 18 U.S.C. § 1962(c) & (d)**
6                                     **(All Defendants)**

7   76  Defendants' arrangement described herein constitutes an ongoing organization,

8   with an ascertainable structure and purpose beyond the predicate acts and the conspiracy to

9   commit such acts, by which the Defendants function as a continuing unit comprised of said

10  Defendants
11

12  77. Defendants  associated themselves with each other to form an enterprise (the

13  "Enterprise") for the purpose of selling various tax schemes for many millions, if not billions,

14  of dollars  The Defendants knew that many of these tax schemes, including the BLIPS scheme

15  set forth above, were contrary to law  The Enterprise engaged in, and its activities affected,

16  interstate commerce, including the provision of legal, accounting, investment, banking and tax

17  services across state lines
18

19  78  Defendants conducted or participated in the conduct of the Enterprise's affairs

20  through a pattern of racketeering activity consisting of, *inter alia*, more than two acts of mail

21  fraud and wire fraud (in violation of 18 U S C  §§ 1341 and 1343, respectively)  As part of

22  this pattern, continuing over the course of years, by using the mails, private interstate carriers

23  and interstate wire communications, the Defendants, through their Enterprise, sold their bogus

24  tax schemes to scores, if not hundreds, of clients, including Swartz  In particular, without
25

26

Complaint- 27

BADGLEY ~ MULLINS
LAW GROUP
5100 Washington Mutual Tower
1201 Third Avenue
Seattle  Washington  98101
Telephone  (206) 621 6566
Fax  (206) 621 9686

1   limitation, in violation of 18 U.S.C §§ 1341 and 1343, Defendants employed the Postal

2   Service and/or private or commercial interstate carriers and/or interstate wire communications

3   to send their retainer letters, invoices, opinion letters, tax advice, investment advice and

4   prepared tax returns to Swartz and many other clients, and to receive from Swartz and many

5   other clients payments of Defendants' invoices, all as set forth above

6       79  Each Defendant's conduct as set forth herein was in concert with each of the other

7   Defendant's conduct, and planned and pre-arranged with and known by each of the other said

8   Defendants pursuant to said Defendants' common scheme to sell phony tax strategies for

9
    millions or billions of dollars.

10

11      80. Defendants' conduct of the Enterprise and their pattern of racketeering activity

12   commenced prior to August 1999 when they first contacted Swartz to solicit their

13   participation in the BLIPS scheme and continued through at least June 2002 when the

14   Defendants continued to send fraudulent letters that did not reveal, and in fact hid, the full

15   extent of the Defendants' racketeering conduct.

16

17      81. Defendants' conduct of the Enterprise and their pattern of racketeering activity was

18   not limited to the acts involving Swartz but included acts directed at many other clients as

19   well. On information and belief, Defendants continued to engage in racketeering activity

20   designed to promote illegal tax shelters, and to disguise and hide the illegal nature of their

21   prior acts, posing the threat of continuing criminal activity during and after the time of their

22   dealing with Swartz.

23

24

25

26

**BADGLEY ~ MULLINS**
LAW GROUP
Complaint- 28
5100 Washington Mutual Tower
1201 Third Avenue
Seattle Washington 98101
Telephone (206) 621 6566
Fax (206) 621 9686

1   82  On information and belief, Defendants have combined in an Enterprise to sell other

2   illegal tax shelters, activity that spans a longer period of time than the BLIPS  scheme, and

3   that poses the threat of continuing criminal activity

4   83  As a result of said Defendants' conduct set forth herein, Swartz has suffered injury

5   in his business and property in that he has paid Defendants fees and has incurred losses in

6   excess of $2 million,  has incurred or will incur tax penalties and interest, has incurred and

7   will continue to incur substantial additional costs in hiring new tax and legal advisors to

8   rectify the situation, and has foregone legitimate tax savings opportunities.

9

10   84. As proximate result of the foregoing, Swartz have been injured in an amount to be

11   proved but believed to be at least $2 million, and should be awarded judgment against the

12   defendants, jointly and severally, consisting of  treble damages of at least $6 million, plus

13   attorneys' fees and costs

14
15   **COUNT 2**
     **Breach Of Fiduciary Duty**
     **(KPMG Defendants and Brown & Wood Defendants)**
16

17   85  The KPMG Defendants and the Brown & Wood Defendants, as Swartz'

18   accountants and attorneys, were Swartz' fiduciaries, and thus owed Swartz the duties of

19   honesty, loyalty, care and compliance with the applicable codes of professional responsibility

20   86  The KPMG Defendants and the Brown & Wood Defendants breached these duties

21   to Swartz by advising Swartz to engage in the BLIPS transactions, and to sign and file the tax

22   return prepared by KPMG and others in reliance on said Defendants' advice, which said

23   Defendants knew or should have known to be improper, for the sole purpose of generating

24   huge fees for said Defendants

25

26

**BADGLEY ~ MULLINS**
LAW GROUP

Complaint- 29

5100 Washington Mutual Tower
1201 Third Avenue
Seattle Washington 98101
Telephone (206) 621 6566
Fax (206) 621 9686

87. As a result of said Defendants' conduct set forth herein, Swartz has suffered injury in his business and property in that he has paid Defendants fees and has incurred losses believed to be in excess of $2 million,  has incurred or will incur tax penalties and interest; has incurred and will continue to incur substantial additional costs in hiring new tax and legal advisors to rectify the situation, and has foregone legitimate tax savings opportunities

**COUNT 3**
**Fraud**
**(All Defendants)**

88. In order to induce Swartz to pay them hundreds of thousands of dollars of fees, the KPMG Defendants and Brown & Wood Defendants made numerous knowingly false affirmative representations and intentional omissions of material fact to Swartz, including (1) stating that the so-called BLIPS transaction entitled a taxpayer to include the amount of an unused loan premium on a line of credit in his basis for calculating capital losses thus offsetting capital gains in an unrelated transaction, (2) failing to disclose existing published authority, including Notices published by the IRS, that purported losses arising from such transactions as the BLIPS transaction are not properly allowable for federal income tax purposes, (3) failing to disclose that if Swartz filed a tax return claiming capital losses based on the BLIPS transaction, he would be liable for penalties and interest, (4) failing to advise Swartz to amend his return, (5) making and endorsing the statements contained in the opinion letters signed by KPMG and Brown & Wood and (6) making and endorsing the statements contained in their oral advice and the 1999 tax return prepared by KPMG

89. The above affirmative representations made by each said Defendant were false when made and said Defendants knew these representations to be false when made with the

**BADGLEY ~ MULLINS**
LAW GROUP
5100 Washington Mutual Tower
1201 Third Avenue
Seattle  Washington 98101
Telephone  (206) 621 6566
Fax  (206) 621-9686

Complaint- 30

1   intention that Swartz rely upon them in entering into the BLIPS transactions and pay them

2   hundreds of thousands of dollars in fees  In addition, the above omissions of material fact

3   were made knowingly by said Defendants, also with the intent to induce Swartz to enter into

4   the BLIPS transactions and pay them millions of dollars in fees

5       90. By its affirmative misrepresentations and intentional omissions of material facts,

6   the KPMG Defendants induced Swartz to enter into an engagement letter that purportedly

7   waived claims and damages and required mediation and arbitration  Such agreements are

8   void, against public policy, invalid, revocable and unenforceable.

9

10      91. In reasonable reliance on said Defendants' false representations and misleading

11  omissions regarding the BLIPS transactions, Swartz paid hundreds of thousands of dollars to

12  Defendants for tax and legal advice, paid millions of dollars in additional expenses to execute

13  the BLIPS transaction, did not avail himself of legitimate tax savings opportunities, filed a

14  federal tax return in 1999 that reflected deductions for capital losses resulting from the BLIPS

15  transactions and did not amend the tax return in 2000, 2001 or 2002, thereby incurring

16  additional penalties and interest  But for Defendants' intentional misrepresentations and

17  material omissions described above, Swartz would never have hired Defendants for advice on

18  the BLIPS strategy, engaged in the BLIPS transactions, claimed the purportedly resulting

19  capital losses on his income tax return, or filed and signed his 1999 tax return as prepared by

20  the KPMG Defendants or in reliance on said Defendants' advice, failed to amend said return

21  in 2000, 2001 and 2002, and failed to avail himself of legitimate tax savings opportunities

22

23      92  On information and belief, the Presidio Defendants and the Deutsche Bank

24  Defendants knew that the KPMG Defendants and the Brown & Wood Defendants were

25

26

Complaint- 31

BADGLEY ~ MULLINS
LAW GROUP
5100 Washington Mutual Tower
1201 Third Avenue
Seattle  Washington 98101
Telephone  (206) 621 6566
Fax  (206) 621 9686

1   making such false statements to clients, including Swartz, and thus were acting in concert

2   with the KPMG Defendants and Brown & Wood Defendants  Furthermore, the defendants,

3   and each of them, were acting as agents of the others in the perpetration of the illegal scheme.

4       93. After discovering said Defendants' fraud, Swartz incurred and will continue to

5   incur substantial additional costs in hiring new tax and legal advisors to rectify the situation

6       94  As a result of said Defendants' conduct set forth herein, Swartz has suffered injury

7   in his business and property in that he has paid Defendants fees and has incurred losses

8   
9   believed to be in excess of $2 million;  has incurred or will incur tax penalties and interest,

10  has incurred and will continue to incur substantial additional costs in hiring new tax and legal

11  advisors to rectify the situation, and has foregone legitimate tax savings opportunities

12                          **COUNT 4**
                **Negligent Misrepresentation/Professional Malpractice**
13              **(KPMG Defendants and Brown & Wood Defendants)**

14      95  As Swartz' tax advisers, accountants and attorneys, the KPMG Defendants and the

15  Brown & Wood Defendants owed Swartz a duty of care, loyalty and honesty and to comply
16
17  with the applicable provisions of their codes of professional responsibility.

18      96  During the course of their representation of Swartz, the KPMG Defendants and

19  Brown & Wood Defendants made numerous knowingly or negligently false affirmative

20  representations and intentional or negligently misleading omissions of material fact to Swartz,

21  including: (1) stating that the so-called BLIPS transaction entitled a taxpayer to include the

22  amount of an unused loan premium on a line of credit in his basis for calculating capital losses
23
24  thus offsetting capital gains in an unrelated transaction, (2) failing to disclose existing

25  published authority, including Notices published by the IRS, that purported losses arising

26

Complaint- 32

BADGLEY ~ MULLINS
LAW GROUP
5100 Washington Mutual Tower
1201 Third Avenue
Seattle  Washington  98101
Telephone  (206) 621 6566
Fax  (206) 621 9686

1  from such transactions as the BLIPS transaction are not properly allowable for federal income
2  tax purposes, (3) failing to disclose that if Swartz filed a tax return claiming capital losses
3  based on the BLIPS transaction, he could be liable for penalties and interest, (4) failing to
4  advise Swartz to amend his return, (5) making and endorsing the statements contained in the
5  opinion letters signed by Brown & Wood; and (6) making and endorsing the statements
6  contained in the 1999 tax return prepared by KPMG or in reliance on said Defendants' advice.
7  Said Defendants either knew or reasonably should have known their advice to be false  In so
8
9  doing, said Defendants failed to exercise the standard of care required of them as accountants
10 and attorneys.

11      97  Swartz fully performed his obligations to the KPMG Defendants and the Brown &
12 Wood Defendants under the terms of their engagement

13      98  In reasonable reliance on said Defendants' false representations and misleading
14
15 omissions regarding the BLIPS transaction, Swartz paid millions of dollars to Defendants for
16 tax and legal advice, paid millions of dollars in additional expenses to execute the BLIPS
17 transaction, did not avail himself of legitimate tax savings opportunities, filed a federal tax
18 return in 1999 that reflected deductions for capital losses resulting from the BLIPS
19 transaction, and did not file an amended return in 2000, 2001 and 2002  But for said
20 Defendants' intentional or negligent misrepresentations and material omissions described
21 above, Swartz would never have hired Defendants for advice on the BLIPS strategy, engaged
22
23 in the BLIPS transactions, claimed the purportedly resulting capital losses on his income tax
24 return, signed and filed his 1999 tax return as prepared by KPMG or in reliance on said

25

26

Complaint- 33

BADGLEY ~ MULLINS
LAW GROUP
5100 Washington Mutual Tower
1201 Third Avenue
Seattle  Washington  98101
Telephone  (206) 621-6566
Fax  (206) 621 9686

1    Defendants' advice, did not file an amended return and did not avail himself of legitimate tax

2    savings opportunities

3        99. After discovering said Defendants' misrepresentations. Swartz incurred and will

4    continue to incur substantial additional costs in hiring new tax and legal advisors to rectify the

5    situation

6        100    As a result of said Defendants' conduct set forth herein, Swartz has suffered

7    injury in his business and property in that he has paid Defendants fees and has incurred losses

8
9    in excess of $2 million;  has incurred or will incur tax penalties and interest; has incurred and

10   will continue to incur substantial additional costs in hiring new tax and legal advisors to

11   rectify the situation, and has foregone legitimate tax savings opportunities

12                                  **COUNT 5**
                              **Breach Of Contract**
13              **(KPMG Defendants and Brown & Wood Defendants)**

14       101.    The KPMG Defendants and Brown and Wood Defendants entered into oral and

15   written contracts to provide Swartz with professionally competent tax advice, legal services,

16
     accounting services and tax return preparation services, to exercise the applicable standard of
17
18   care, loyalty and honesty, and to comply with all applicable rules of professional contact

19       102    Swartz fully performed his obligations to the KPMG Defendants and the

20   Brown & Wood Defendants under the terms of their engagement.

21       103    The KPMG Defendants  and Brown and Wood Defendants disregarded their

22   obligations and instead provided Swartz with advice that these Defendants either knew or

23   should have known to be wrong and illegal.

24

25

26                                                    **BADGLEY ~ MULLINS**
                                                          LAW GROUP
     Complaint- 34                                   5100 Washington Mutual Tower
                                                         1201 Third Avenue
                                                      Seattle  Washington  98101
                                                     Telephone  (206) 621 6566
                                                        Fax  (206) 621 9686

104     As a result of said Defendants' conduct set forth herein, Swartz has suffered injury in his business and property in that he has paid Defendants fees and has incurred losses in excess of $2 million; has incurred or will incur tax penalties and interest, has incurred and will continue to incur substantial additional costs in hiring new tax and legal advisors to rectify the situation, and has foregone legitimate tax savings opportunities.

105     In the alternative, Swartz is entitled to the benefit of his bargain with the KPMG defendants, i.e., the value of the tax benefits that would have been realized by Swartz had the capital losses produced by the BLIPS transaction been legitimate.  This amount is believed to be approximately $3 6 million

## COUNT 6
### Declaratory Judgment
### (All Defendants)

106     The IRS has commenced audits of Swartz' 1999 tax return  On information and belief, Swartz understands he may incur interest and/or penalties assessed by the IRS as a consequence of Swartz' engaging in the BLIPS transactions, as advised and implemented by the Defendants, and will incur additional professional fees to rectify said Defendants' wrongdoing

107     Defendants are legally responsible for such interest and/or penalties and/or professional fees incurred by Swartz on account of said Defendants' violation of RICO, breach of fiduciary duty, fraud, negligent misrepresentation, malpractice, and breach of contract, as set forth, above

Complaint- 35

BADGLEY ~ MULLINS
Law Group
5100 Washington Mutual Tower
1201 Third Avenue
Seattle  Washington 98101
Telephone  (206) 621 6566
Fax  (206) 621 9686

108. As a result of said Defendants' conduct set forth herein, Swartz has incurred or will incur tax penalties and interest and has incurred and will continue to incur substantial additional costs in hiring new tax and legal advisors to rectify the situation.

109 Pursuant to 28 U S C § 2201, Swartz is entitled to a declaration that Defendants are liable to Swartz for such penalties, interest, professional fees, and damages

110 Pursuant to 28 U S C § 2201, Swartz is entitled to a declaration that KPMG engagement letters are void and unenforceable to the extent that they would limit any remedy available to Swartz or his access to any forum in which such remedies could be sought and awarded

## COUNT 7
### Washington Consumer Protection/Unfair Business Practices Act
### RCW 19.86
### (All Defendants)

111 This claim for relief arises under RCW 19 86 *et seq* , the Washington Consumer Protection/ Unfair Business Practices Act (CPA)

112. In their marketing of certain tax "strategies" to prospective consumers and in their knowing participation in a wide-spread scheme to implement illegal tax shelters, the defendants have engaged in "unfair or deceptive acts or practices in the conduct of any trade or commerce" within the meaning of the CPA

113 The KPMG Defendants and the Brown & Wood Defendants informed consumers that the tax "strategies" they had designed were within the legal boundaries as determined by the IRS This practice amounted to deception and unfair trade practices, as these Defendants knew that there was a distinct probability that the "strategies" they had

BADGLEY ~ MULLINS
Law Group
5100 Washington Mutual Tower
1201 Third Avenue
Seattle Washington 98101
Telephone (206) 621 6566
Fax (206) 621 9686

1 developed would be found unlawful by the IRS, yet they did not inform their consumers of

2 this probability

3     114     This practice of deceptively marketing tax "strategies" is one that was likely to

4 mislead consumers acting reasonably in the same circumstances as Swartz

5     115     On information and belief, the Presidio Defendants and the Deutsche Bank

6 Defendants knowingly and actively participated in the implementation of the scheme, even

7 after the legitimacy of the BLIPS transactions had been publicly challenged by the IRS.

8

9 Without the active participation of these defendants, the unfair and deceptive acts perpetrated

10 against Swartz and other consumers could not have occurred

11     116     As a result of said Defendants' conduct set forth herein, Swartz has suffered

12 injury in his business and property in that he has paid Defendants fees and has incurred losses

13 in excess of $2 million, has incurred or will incur tax penalties and interest, has incurred and

14 will continue to incur substantial additional costs in hiring new tax and legal advisors to

15 rectify the situation, and has foregone legitimate tax savings opportunities

16

17     117     As a proximate result of the foregoing, Swartz has been injured in an amount to

18 be proved but believed to be at least $2 million, and should be awarded judgment against the

19 defendants, jointly and severally, consisting of actual damages trebled to the maximum

20 amount provided by law, plus attorneys' fees and costs.

21
                                   **COUNT 8**
22                              **Civil Conspiracy**
                                **(All Defendants)**
23

24     118     As described more fully above, the Defendants knowingly acted in concert to

25 market and implement the fraudulent and illegal BLIPS tax shelter scheme

26
                                                    **BADGLEY ~ MULLINS**
                                                           LAW GROUP
        Complaint- 37                               5100 Washington Mutual Tower
                                                           1201 Third Avenue
                                                      Seattle Washington 98101
                                                     Telephone (206) 621 6566
                                                        Fax (206) 621 9686

119    In so doing, the Defendants acted with full knowledge and awareness that the scheme was designed to give the false impression that a complex series of financial transactions were legitimate business investments, when in fact they were not.

120    The Defendants acted in their respective roles as described above according to a predetermined and commonly understood and accepted plan of action, all for the purposes of obtaining professional fees, commissions, interest payments and other transactional fees from consumers, including Swartz

121.    The acts of the defendants were contrary to numerous provision of law, as stated above

122.    As a result of said Defendants' conduct set forth herein, Swartz has suffered injury in his business and property in that he has paid Defendants fees and has incurred losses in excess of $2 million,  has incurred or will incur tax penalties and interest, has incurred and will continue to incur substantial additional costs in hiring new tax and legal advisors to rectify the situation, and has foregone legitimate tax savings opportunities

## **PRAYER FOR RELIEF**

WHEREFORE, Theodore C  Swartz prays for judgment in his favor as follows

1    Against all defendants, jointly and severally, for actual damages in an amount to be proven at trial and believed to be in excess of $2 million, trebled to at least $6 million, plus attorneys' fees and costs, for violation of RICO, 18 U S C  1962.

2.   Against all defendants, jointly and severally, for actual damages in an amount to be proven at trial and believed to be in excess of $2 million, trebled to the maximum

Complaint- 38

BADGLEY ~ MULLINS
LAW GROUP
5100 Washington Mutual Tower
1201 Third Avenue
Seattle  Washington  98101
Telephone  (206) 621 6566
Fax  (206) 621 9686

extent provided by law, plus attorneys' fees and costs, for violation of the

Washington Consumer Protection/Unfair Business Practices Act

3   Against the KPMG Defendants, jointly and severally, for actual damages in an

amount to be proven at trial and believed to be in excess of $2 million, for

professional negligence and breach of fiduciary duty and for $3 6 million for

breach of contract

4   Against the Brown & Wood Defendants, jointly and severally. for actual damages

in an amount to be proven at trial and believed to be in excess of $2 million, for

professional negligence and breach of fiduciary duty and for $3 6 million for

breach of contract

5   Against all defendants, jointly and severally, for actual damages in an amount to be

proven at trial and believed to be in excess of $2 million for fraud,

misrepresentation, and conspiracy

6   Against all defendants, jointly and severally, for declaratory relief setting forth

their obligation to indemnify and hold plaintiff harmless from fees, costs, damages,

interest and penalties arising from the plaintiff's ongoing efforts to rectify the

Defendants' wrongdoing

Complaint- 39

BADGLEY ~ MULLINS
LAW GROUP
5100 Washington Mutual Tower
1201 Third Avenue
Seattle Washington 98101
Telephone (206) 621 6566
Fax (206) 621 9686

7   Against all defendants, jointly and severally, for exemplary damages, attorneys'

fees and costs to the maximum extent provided by any applicable provision of law,

including RICO and the Washington Consumer Protection/Unfair Business

Practices Act

8   For such other relief as the Court deems just and equitable

DATED this **6TH** day of June, 2003

                                        BADGLEY MULLINS LAW GROUP

                                        By
                                        Don Paul Badgley WSBA # 457
                                        Duncan C Turner  WSBA # 20597
                                        Attorneys for Plaintiff


                                        THE ISAACSON LAW FIRM


                                        By
                                        Brian G. Isaacson  WSBA # 25921
                                        Attorneys for Plaintiff

<u>VERIFICATION</u>

        Theodore C  Swartz deposes and states, under penalty of perjury of the laws of the
State of Washington, that he has read the above Complaint, has personal knowledge of the
facts stated therein and is competent to testify as to the same, and that the facts as stated are
true and correct to the best of his knowledge and belief


                        Signature _____

                        Date _____

Complaint- 40

**BADGLEY ~ MULLINS**
LAW GROUP
5100 Washington Mutual Tower
1201 Third Avenue
Seattle  Washington 98101
Telephone  (206) 621 6566
Fax  (206) 621 9686

7  Against all defendants, jointly and severally, for exemplary damages, attorneys'

fees and costs to the maximum extent provided by any applicable provision of law,

including RICO and the Washington Consumer Protection/Unfair Business

Practices Act.

8.  For such other relief as the Court deems just and equitable.


DATED this _6TH_ day of June, 2003.

                                        BADGLEY MULLINS LAW GROUP


                                        By _____
                                           Don Paul Badgley WSBA # 457
                                           Duncan C. Turner  WSBA # 20597
                                           Attorneys for Plaintiff


                                        THE ISAACSON LAW FIRM


                                        By _____
                                           Brian G. Isaacson  WSBA # 25921
                                           Attorneys for Plaintiff


                              VERIFICATION

     Theodore C. Swartz deposes and states, under penalty of perjury of the laws of the
State of Washington, that he has read the above Complaint, has personal knowledge of the
facts stated therein and is competent to testify as to the same, and that the facts as stated are
true and correct to the best of his knowledge and belief.


                    Signature:_____

                    Date: _____

                                        BADGLEY — MULLINS
                                              LAW GROUP
Complaint- 40                           5100 Washington Mutual Tower
                                              1301 Third Avenue
                                         Seattle, Washington 98101
                                         Telephone (206) 621-6566
                                              Fax (206) 621-9686

JUN-06-2003 FRI 11:58 AM  ISAACSON LAW FIRM                    4254559708      P. 002
Case 2:03-cv-01252-MJP   Document 1   Filed 06/06/03   Page 42 of 43

JUN-06-03  10:40AM   FROM-Badgley Mullins Law Group    2068210696      T-984  P.002/002  F-818

7. Against all defendants, jointly and severally, for exemplary damages, attorneys' fees and costs to the maximum extent provided by any applicable provision of law, including RICO and the Washington Consumer Protection/Unfair Business Practices Act.

8. For such other relief as the Court deems just and equitable.

DATED this 6TH day of June, 2003.

BADGLEY MULLINS LAW GROUP

By
Don Paul Badgley WSBA #457
Duncan C. Turner  WSBA #20597
Attorneys for Plaintiff

THE ISAACSON LAW FIRM

By
Brian G. Isaacson  WSBA #25921
Attorneys for Plaintiff

VERIFICATION

Theodore C. Swartz deposes and states, under penalty of perjury of the laws of the State of Washington, that he has read the above Complaint, has personal knowledge of the facts stated therein and is competent to testify as to the same, and that the facts as stated are true and correct to the best of his knowledge and belief.

Signature:_____

Date: _____

BADGLEY ~ MULLINS
Law Group
5100 Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
Telephone (206) 621-6566
Fax (206) 621-9686

Complaint- 40

C03 - 1252

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of the court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet

**I. (a) PLAINTIFF**
Theodore C Swartz

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **King**
(EXCEPT IN U S PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME ADDRESS, AND TELEPHONE)
Don Paul Badgley
Duncan C Turner
Badgley-Mullins Law Group          (206) 621-6566
Washington Mutual Tower Building
1201 Third Avenue, Suite 5100
Seattle, Washington 98101

**DEFENDANTS**
KPMG, LLP, PRESIDIO GROWTH, LLC, PRESIDIO ADVISORY SERVICES, INC, HAYES STREET MANAGEMENT, INC NORWOOD HOLDINGS, INC, DEUTSCHE BANK AG, DEUTSCHE BANK SECURITIES, INC, SIDLEY AUSTIN BROWN & WOOD, LLP, DALE R BAUMANN JOHN M LARSON, ROBERT A PFAFF DAVID AMIR MAKOV, STEVEN BUSS, R J RUBLE

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **King**
(IN U S PLAINTIFF CASES ONLY)
NOTE IN LAND CONDEMNATION CASES, USE THE LOCATION OFF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

ENTERED
LODGED_____ RECEIVED

JUN 06 2003    PM

AT SEATTLE
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
                                        DEPUTY

| **II BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY) | **III CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only) (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) |
|---|---|

| | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|
| ☐1 U S Government Plaintiff | ☒ 3 Federal Question (U S Government Not a Party) | Citizen of This State ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| ☐2 U S Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| | | Citizen of Subject of a Foreign Country ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
☒1 Original Proceeding   ☐2 Removed from State Court   ☐3 Remanded from Appellate Court   ☐4 Reinstated or Reopened   ☐5 Transferred from another district (specify)   ☐6 Multidistrict Litigation   ☐7 Appeal to District Judge from Magistrate Judgment

**V NATURE OF SUIT** (PLACE AND "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC  158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med  Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks & Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R R  & Truck | | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | | ☒ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl  Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran s Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholder s Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contracts | ☐ 360 Other Personal Injury | | | | ☐ 891 Agricultural Acts |
| ☐ 195 All Other Real Property | | | | | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus | | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodation | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

**VI CAUSE OF ACTION** (CITE THE CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BREIF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY )

18 U S C  1961 (RICO), conspiracy to promote fraudulent tax shelter

**VII. REQUESTED IN COMPLAINT:**
☐ Check if this is a **CLASS ACTION** Under F R C P  23
**DEMAND** $6+ Million
**JURY DEMAND** ☒ YES   ☐ NO
CHECK YES only if demanded in compliant

**VIII. RELATED CASE(S)** (See Instructions)
IF ANY        JUDGE _____        DOCKET NUMBER _____

DATE                    SIGNATURE OF ATTORNEY OF RECORD
June 6, 2003            Don Paul Badgley

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____