UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THEODORE C. SWARTZ,<br><br>        Plaintiff,<br><br>    v.<br><br>DEUTSCHE BANK AG, et al.,<br><br>        Defendants. | Case No. C03-1252-MJP<br><br>ORDER DENYING PLAINTIFF'S MOTION TO LIFT DISCOVERY STAY AND GRANTING PLAINTIFF'S MOTION TO EXTEND DISCOVERY CUTOFF |

This matter comes before the Court on Plaintiff's motions to lift the automatic discovery stay and to compel limited discovery, and to extend the discovery cutoff date. (Dkt. No. 213.) Defendants Deutsche Bank AG and Deutsche Bank Securities (Dkt. No 235), Grant Thornton International and Grant Thornton LLP (Dkt. No. 238), and Presidio (Dkt. No 237) oppose the motion. Having considered the motion and responses, Plaintiff's reply (Dkt. No. 240), the declarations of Mark J. Wilson (Dkt. No. 214), David H. Smith (Dkt. No. 236), and Brian G. Issacson (Dkt. No. 241), the Court DENIES Plaintiff's motion to lift the discovery stay and GRANTS Plaintiff's motion to extend the discovery cutoff date and ORDERS that, after the ruling on the Motions to Dismiss, the parties must meet to confer and propose by amended Joint Status Report ("JSR") new dates to govern the development of the case.

**Background**

This securities case has a long procedural history. In February 2004, the Court granted Defendants' motion to stay discovery pending resolution of motions to dismiss. The Court then granted Defendants' motions to dismiss with prejudice. Plaintiff appealed, and the Ninth Circuit affirmed the Court's decision in part, but granted Plaintiff leave to amend his fraud and conspiracy claims. In his Third Amended Complaint ("Complaint"), Plaintiff alleges numerous violations of

ORDER — 1

1  the federal securities laws and state laws.  (Dkt. No. 134.)  His state law claims include Joint
2  Venture Conspiracy, Fraud, Breach of Fiduciary Duty, Negligence, Unjust Enrichment, and
3  violation of the Washington Criminal Profiteering Act.  (Id. ¶¶ 307-437.)  Motions to Dismiss are
4  now pending on these claims

5       Plaintiff now seeks discovery of documents Defendants have provided in connection with
6  related civil and criminal cases involving the illegal tax shelter (the "Bond Linked Issue Premium
7  Structure" or "BLIPS") at issue in this case.  (Dkt. No. 213 at 13.)  Plaintiff has propounded
8  substantially the same interrogatories and requests for production to all Defendants.  Defendants
9  objected on the grounds that the Private Securities Litigation Reform Act's ("the Act") automatic
10 discovery stay was triggered by pending motions to dismiss, and remains in effect until the
11 resolution of those motions.  (Dkt. No. 214, Exs. A and B.)  Plaintiff has filed this motion to
12 compel limited discovery on the basis of the Act's undue prejudice exception to the automatic stay.
13 15 U.S.C. §§ 77z-1(b)(1) & 78u-4(b)(3)(B).

14 **Discussion**

15 **FRCP 37 Motion to Compel and to Lift the Discovery Stay**

16      The Act states that "all discovery and other proceedings shall be stayed during the
17 pendancy of any motion to dismiss."  15 U.S.C. § 78u-4(b)(3)(B).  The Ninth Circuit has
18 interpreted the automatic stay on all discovery under the Act as applicable not only when a motion
19 to dismiss is pending, but from the filing of the case until such time that "the court has sustained
20 the legal sufficiency of the complaint."  <u>SG Cowen Sec. Corp. v U.S. Dist. Ct. for the N. Dist. of
21 Cal</u>, 189 F.3d 909, 911 (9th Cir. 1999) (quoting S. Rep. No. 104-98, at 14 (1995), <u>as reprinted in</u>
22 1995 U.S.C.C.A.N. 693); <u>see also</u>, <u>In re Am. Funds Sec. Litig.</u>, 493 F. Supp. 2d 1103, 1105 (C.D.
23 Cal. 2007).  Further, under the plain language of the Act, the automatic stay is triggered as to all
24 defendants if any one of them moves to dismiss the federal securities law claims.  <u>See, e.g.</u>, <u>In re
25 Latronix, Inc.</u>, 2003 WL 2246239, at *2 (C.D. Cal. Sept. 26, 2003).

26      However, the automatic stay of discovery can be lifted if the court finds upon the motion of
27

ORDER — 2

any party that particularized discovery is necessary to (1) preserve evidence or (2) prevent undue prejudice to that party. 15 U.S.C. §§ 77z-1(b)(1) & 78u-4(b)(3)(B).

Plaintiff Swartz argues that, because the documents he seeks have been produced in government investigations involving Defendants, his case is unduly prejudiced. However, in <u>In re American Funds Securities Litigation</u>, the district court rejected the argument that document production to the government by itself prejudiced plaintiffs. 493 F. Supp 2d at 1105-06. As the district court discussed, all of the cases cited by the Plaintiff involved unique additional circumstances, such as corporate bankruptcy and global settlement negotiations, that would have led to the plaintiffs being unduly prejudiced if the Act's discovery stay had not been lifted. <u>Id.</u>

The fact that relevant information has been made available in the course of other civil and criminal actions not subject to the Act's discovery stay is by itself insufficient to show undue prejudice. Plaintiff Swartz has not alleged, nor does there appear to be, any additional circumstances showing undue prejudice in this case. Absent such a showing, under the plain language of the Act, the fact that there are pending motions to dismiss in this case necessitates a discovery stay until those motions are resolved.

Plaintiff also relies on the district court decisions in <u>Sieppel</u> and <u>Tobias Holdings, Inc. v. Bank United Corp.</u>, 177 F. Supp. 2d 162 (S.D.N.Y. 2001), to argue that the Act's stay does not necessarily apply to his non-securities state law claims, particularly where there is no reason to believe that discovery would be used to force a coercive settlement or to find a claim not alleged in the complaint. However, in <u>Sieppel</u>, because the district court had already ruled on the sufficiency of the plaintiff's state law claims, the policies of the Act would not have been furthered by a stay. <u>See</u> 2005 WL 3885618, *11. In contrast, this Court has not yet made such a ruling in this case.

Further, the Ninth Circuit has firmly rejected the position that discovery should be allowed on state law claims that mirror federal securities claims. <u>SG Cowen</u>, 189 F.3d at 913, n.1 (explaining that the Act's stay provisions "would be rendered meaningless if

ORDER — 3

securities plaintiffs could circumvent the stay simply by asserting pendent state law claims in federal court"). In this case, all of the claims in the Complaint, including the state common law tort and contract claims, are "pendent" in that they arise from common operative facts related to Defendants' alleged fraud. The Court finds that Plaintiff has failed to prove that the automatic stay should be lifted in this case.

**Conclusion**

Because Plaintiff has not established why failure to lift the Act's discovery stay would unduly prejudice his case, the Motion to Lift the Discovery Stay is DENIED. The Plaintiff's unopposed request to extend the discovery cutoff date, set for January 14, 2008, is GRANTED. The Court orders that, after the ruling on the Motions to Dismiss, the parties must meet to confer and propose by amended JSR new dates to govern the development of the case.

Dated: February 25th, 2008.

/s/ Marsha J. Pechman
Marsha J. Pechman
U.S. District Judge

ORDER — 4