UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SWARTZ,

                Plaintiff(s),

    v.

PRESIDIO ADVISORY GROUP, et al.,

                Defendant(s).

NO. C03-1252MJP

ORDER ON MOTION TO DISMISS CLAIMS AGAINST INDIVIDUAL DEFENDANTS PFAFF AND LARSON

The above-entitled Court, having received and reviewed:

1. Presidio Defendants' Supplemental Brief in Support of Motion to Dismiss Plaintiff's Third Amended Complaint against Individual Defendants John Larson and Robert Pfaff (Dkt. No. 328)

2. Plaintiff's Opposition to Presidio Defendants' Supplemental Brief in Support of Motion to Dismiss Plaintiff's Third Amended Complaint against Individual Defendants John Larson and Robert Pfaff (Dkt. No. 333)

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS ORDERED that the motion to dismiss individual defendants Pfaff and Larson is GRANTED.

**Discussion**

In the Court's previous Order on Motions to Dismiss and for Partial Summary Judgment (Dkt. No. 327, hereinafter "Order"), the issue of dismissal of individual defendants Robert Pfaff and John Larson was left unresolved and further briefing was invited. Having reviewed that briefing, it is the finding of this Court that Plaintiff has failed to state any claim against either individual upon which relief can be granted.

**ORD ON MTN TO DISMISS
INDIVIDUAL DEFENDANTS- 1**

Preliminarily, the Court notes that Plaintiff does not address the following claims (which were dismissed against all – or almost all – other Defendants in the previous order):

- Constructive trust (Claim 4)
- Investment Advisors Act (Claim 6)
- Professional negligence (Claim 8)
- Breach of contract (Claim 9)
- Unjust enrichment (Claim 10)
- Rescission (Claim 11)
- WA Criminal Profiteering Act [RCW 9A.82.101(8)] (Claim 12)

In the face of Plaintiff's failure to contest the invalidity of these claims, the Court is not inclined to repeat at length the analysis in which it has already engaged concerning the insufficiency of these claims as regards the individual defendants in this case. The parties are referred to the Court's previous order and the already-articulated legal analysis and rationales for dismissal of these claims. The situation of Defendants Pfaff and Larson is indistinguishable from Defendant Makov as regards these causes of action, and the result is identical.

Judicial notice

The Court has previously indicated that it would consider the 2005 Senate Subcommittee Report referenced in the TAC. Order, p. 10. Plaintiff also requests consideration of the allegations in the September and October 2005 Criminal Indictments against Pfaff and Larson, which are likewise cited in the TAC (¶ 11). Plaintiff makes reference to the Superseding Indictment ("SI") at several points throughout his briefing, and the Court agrees that he is entitled to cite to it as a "document whose contents are alleged in a complaint and whose authenticity no party questions" (Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994). However, as enumerated below, the documents do not advance Plaintiff's legal position in any meaningful fashion:

1. Many of the allegations referenced in the SI are <u>nowhere</u> to be found in the TAC (see *infra*). Defendants are entitled to know from the face of the complaint what they are alleged to have done. A plaintiff may rely on referenced documents to support or

**ORD ON MTN TO DISMISS INDIVIDUAL DEFENDANTS- 2**

        perhaps elaborate on allegations in the complaint, but Plaintiff cites no authority that referencing or attaching a document to a complaint relieves him of the requirement to allege fraud with particularity in the complaint itself.

    2. In the multiple paragraphs in the SI to which Plaintiff cites, Pfaff and Larson are constantly listed as two individuals among a group of <u>twelve</u> individual defendants alleged to have committed various acts of wrongdoing.[1] This may be adequate for criminal indictments, but it does not meet the particularity and specificity requirements of federal fraud pleading. Similarly, Plaintiff makes it clear that (as stated in ¶ 115 of the TAC) whenever the complaint refers to "the Presidio Defendants," this phrase includes Defendants Larson, Pfaff, Makov and Buss (Pltf. Opposition, p. 1). Again, this is simply not commensurate with the level of specificity required – each individual defendant is entitled to know what it is alleged that he personally did.

So, while the Court is obligated to consider documents which are referenced in a complaint for 12(b)(6) purposes, the documents cited by Plaintiff are of little use in defeating this motion to dismiss.

<u>Conspiracy</u>

Plaintiff points out, again correctly, that he is entitled to rely on circumstantial evidence for proof of concerted action between co-conspirators. Plaintiff refers to multiple paragraphs in the SI "detailing the conspiracy and refer[ring] *specifically* to Pfaff and Larson's fraudulent participation in connection with BLIPS." (<u>Id.</u>, p. 2; emphasis supplied.) Actually, <u>specific</u> references to Pfaff and Larson are precisely what is missing – the two individuals are simply included in a list of twelve

---

[1] The exception to this is ¶ 63, in which Defendant Larson is identified individually as having "provided false and misleading testimony" to the Senate investigating committee. Lying to cover up the existence of a conspiracy is not considered an overt act in furtherance of a conspiracy. "Acts of covering up, even though done in the context of a mutually understood need for secrecy, cannot themselves constitute proof that concealment of the crime after its commission was part of the initial agreement among the conspirators." <u>Grunewald v. U.S.</u>, 353 U.S. 391, 402 (1957).

**ORD ON MTN TO DISMISS**
**INDIVIDUAL DEFENDANTS- 3**

1  individuals who are alleged collectively to have conspired to design, market and implement the BLIPS
2  scheme.

3  Plaintiff cites to an exhibit appended to the Senate Report which represents that John Larson
4  would be one of the primary BLIPS marketers. Senate Report, Exh. 70. The document does in fact
5  contain that statement. However, Plaintiff cites to no portion of the TAC where a specific allegation
6  naming Defendant Larson in this capacity can be found, nor is there an allegation that Defendant
7  Larson actually <u>did</u> market the BLIPS program. Representing that an individual <u>would</u> be involved in
8  an alleged conspiracy may be some circumstantial evidence of involvement, but without more it is
9  certainly not sufficient to withstand a 12(b)(6) motion..

10  Finally, and least effectively, Plaintiff cites to an e-mail from Makov to a Deutsche Bank officer
11  (Senate Report, Exh. 69) concerning the "end game" of the BLIPS program (the document discusses
12  how the investor would "exit and unwind" all the trades and how fees for the bank and investment
13  advisors would be calculated) on which Pfaff and Larson were <u>copied</u>. Plaintiff's argument is that the
14  fact the two were copied on the e-mail is proof of "awareness" of the plan and thus "indicates they
15  were part of the common plan" to divide Plaintiff's capital contribution among the co-conspirators.
16  Pltf. Opposition, p. 3. This is simply not circumstantial evidence of an agreement to commit the
17  unlawful acts of which this conspiracy is accused. As with Defendant Makov, there are no allegations
18  of false statements by these individuals to Plaintiff and no allegations of specific individual acts by
19  them in furtherance of the conspiracy.

20  <u>Fraud/Negligent misrepresentation</u>

21  Plaintiff's support for his claims of fraud and misrepresentation against these two individuals is
22  (1) a paragraph (¶ 287) in the TAC alleging that "Presidio" charged a fee of $550,000 without
23  disclosing an agreement between "Presidio and Deutsche Bank" to prematurely terminate the credit
24  agreement and (2) a paragraph (¶ 39) in the SI alleging that twelve individuals (two of whom are these

25
26  **ORD ON MTN TO DISMISS**
    **INDIVIDUAL DEFENDANTS- 4**

individual defendants) "generated and caused to be generated false and fraudulent documentation to support the transactions." The Court finds these allegations inadequate in terms of the FRCP requirements of specificity and particularity in pleadings of fraud (nor is there any citation by Plaintiff to a paragraph in the TAC where Pfaff or Larson is alleged to have "generated or caused to be generated false and fraudulent documentation to support the transactions.").

<u>Aiding and abetting breach of fiduciary duty</u>

Plaintiff alleges no fiduciary duty between Pfaff and Larson as individuals and Plaintiff, and instead asserts a claim for "aiding and abetting a breach of fiduciary duty." This Court has previously ruled that Presidio as an entity was in a fiduciary relationship with Plaintiff. To establish a claim for aiding and abetting a breach of that fiduciary relationship, Plaintiff must allege "substantial assistance" by these individuals and knowledge that the fiduciary's conduct was in breach.

Plaintiff cites to ¶ 11 of the TAC for the allegation of "substantial assistance," but again Defendants Pfaff and Larson are two among four individuals mentioned and the TAC claims nothing more than that "Defendants" committed the various acts alleged to constitute the breaches and aiding and abetting thereof. There is no way to ascertain from Plaintiff's pleadings what these two individual are alleged to have done which constitutes the alleged violation.

And Plaintiff again relies on the Makov e-mail to the Deutsche Bank officer on which Pfaff and Larson were copied to "indicate that Defendants Pfaff and Larson were aware of the plan" (Pltf. Opposition, p. 4), as if "awareness" somehow equated with "assistance." It is an unpersuasive argument.

<u>Securities violations</u>

§ 20(a) of the Securities Exchange Act states that:

Every person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable[.]

**ORD ON MTN TO DISMISS<br>INDIVIDUAL DEFENDANTS- 5**

To prevail on a claim under § 20(a), Plaintiff must show a violation of § 10(b) or Rule 10b-5 by more than one of the defendants. Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1035 n.15 (2002). Having ruled that a violation of 10(b) has been adequately plead against Presidio, that prong of the proof is satisfied.

The Court has already ruled that Defendant Makov was entitled to dismissal of the § 20(a) claim against him because Plaintiff failed to adequately allege that he was a "control person" for purposes of the statute. For the same reasons that the Makov allegations were found to be insufficient, the Pfaff-Larson allegations fail. ¶ 118 of the TAC states that Pfaff and Larson were "principals" of a Presidio entity; ¶ 205 states that the idea of BLIPS "originated" with Pfaff and Larson; ¶ 292 alleges that Presidio was "formed" by those two individuals. None of this alleges with the requisite specificity or heightened particularity in what manner or by what acts Pfaff or Larson "controlled" the Presidio entities.

Plaintiff again cites to the language at Exhibit #70 of the Senate Report that BLIPS "would be marketed" by Larson; how this provisional language establishes "control" is unclear. Plaintiff spends an entire paragraph (Pltf. Opposition, p. 6) listing all the references to Pfaff and Larson in the SI, but (1) none of these allegations is contained in the TAC and (2) as previously mentioned, Pfaff and Larson are simply listed as two individuals among twelve, completely bypassing the requirement that their individual actions be alleged with specificity. Plaintiff's allegations are insufficient to state a claim for security violations (of either federal or state law) against Defendants Pfaff or Larson.

**Conclusion**

Plaintiff does not contest the validity of certain of his claims against these individual defendants, and these will be dismissed without any further analysis than the Court has already undertaken in the previous Order. As for those claims which Plaintiff does contend are adequately

**ORD ON MTN TO DISMISS
INDIVIDUAL DEFENDANTS- 6**

plead, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted against either Defendant Pfaff or Defendant Larson, and these individuals' motion to dismiss pursuant to FRCP 12(b)(6) will be GRANTED.

For the reasons stated in the Court's earlier ruling (see Order, pp. 46-49), the Court finds that further amendment would be futile and dismisses these claims with prejudice.

The clerk is directed to provide copies of this order to all counsel of record.

Dated:  June __24_, 2008

/s/ Marsha J. Pechman

Marsha J. Pechman
U.S. District Judge